### WILLS vs. THE STATE.

Where an indictment contained two counts, on the first of which a *nolle prosequi* was entered, and the time of committing the offence was only averred by reference to the first count, it was held, that the defendant might be tried and convicted on the second count, it not being stricken out, or rendered null, as, perhaps, it would have been upon a demurrer sustained.

JULY TERM, 1843. 53

Wills vs. The State.— Gudgell and Austin vs. Mead and Others.

ERROR to Ralls Circuit Court.

Van Arsdal and Hickman, for Plaintiff.

Wells, for Defendant.

Napton, Judge, delivered the opinion of the Court.

The plaintiff in error was indicted by the grand jury of Ralls county, for an assault upon one Samuel Lightner, with intent to kill, and convicted.

The first count in the indictment charged an assault made feloniously, on purpose, and of his malice aforethought, under the 32d section of the act concerning crimes and their punishments.

The second count charged, that said "Wills, on the day and year aforesaid, and in the said county of Ralls," made a felonious assault, with intent feloniously to kill the said Lightner.

On the trial, the Attorney for the State entered a *nolle prosequi* on the first count, and the defendant was tried upon the second count, and found guilty. A motion was made in arrest of judgment, on the ground, that there was no sufficient indictment upon which a judgment could be rendered.

This motion was overruled, and the error insisted on in this Court is, the overruling of said motion.

The second count is supposed to be insufficient, because the time of committing the offence is only averred by reference to the first count, upon which a *nolle prosequi* had been entered.

The force of this objection is not perceived.

The Circuit Attorney declined prosecuting the defendant on the first count; but the count was not therefore stricken out, or rendered null, as, perhaps, it would have been upon a demurrer sustained.

Judgment affirmed.