GEORGE POAG v. THE STATE.

1. On the trial of a party charged with theft of cattle, evidence of ownership by establishing the mark and brand of the alleged owner of the cattle is not admissible, unless the mark and brand have been recorded.
2. See opinion for facts held not sufficient to warrant a conviction.

APPEAL from McLennan. Tried below before the Hon. J. H. Banton.

*F. H. Sleeper*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

DEVINE, ASSOCIATE JUSTICE.—The defendant, George Poag, was indicted for theft of neat cattle, at the July term of the District Court of McLennan county. There was a verdict of guilty by the jury, who assessed the punishment at two years imprisonment in the penitentiary. A motion for a new trial and a motion in arrest of judgment were made and overruled, and an appeal taken.

The material questions to be considered are the following: was there error in the charge of the court? and, is the verdict contrary to the evidence? We believe there was error in the charge of the court, in this, that the charge twice calls the attention of the jury to the fact of the brand of the alleged owner, as evidence of ownership, when in this case it certainly was not evidence of ownership, there being no evidence before the jury that the brand had been recorded, and without such proof it was not evidence of ownership. (Pas. Dig., Art. 4659.) The charge of the court in other respects had a tendency to mislead the jury, by reason of the undue prominence given to the question of ownership of the yearling or steer charged to have been stolen, creating in the mind of the jury the belief that ownership, and not the felonious taking, was the principal fact in the case. It is true the

court alludes to the stealing of the animal in the charge, but over and above all, the charge repeatedly puts forth the question of ownership, and the power and duty of the jury to determine this question by proof of marks and brands, and other circumstances, while apart from the proof by marks and brands, there was little evidence of ownership.

The witness for the State, Holbert, recognized the animal found in the herd, by the ear mark and brand, neither of which were shown to be recorded, and stated that he only knew this animal to belong to Buck by the brand and ear mark; that he only knew his own cattle in that way.

The alleged owner, G. J. Buck, did not see the animal after the time of the taking, as charged in the indictment; "was the owner of and in possession of a certain two-year-old beef steer, which was black in color with a small white patch of hair on the left of the tail; cannot say that his steer is not in the range, but does not believe it is."

The third witness for the State—the boy Morrison—"saw the animal branded as a calf in the fall of 1871; did not see it again until he saw it in the herd in June, 1873; thinks he saw it in the previous winter with a cow of Mr. Buck's, which he took to be the same, but it was three hundred or four hundred yards off, in some mesquit bushes, and he could not see it plainly."

With the exception of this witness, there was no attempt at identification of the animal, except by the brand or ear marks.

The witness Holbert, for the State, proved that defendant freely admitted that he sold, among other stock, this steer to Webb, but said he (defendant) claimed it as his own, because it run with and sucked his cow.

A witness—Edwards—who had formerly herded stock for the accused, stated that this animal was in the herd of defendant while he was in his employ, and that it run

with and sucked a cow owned by defendant. The evidence of this witness was not contradicted, or in any way weakened or explained away; it supported the voluntary statement of the accused, which was put in evidence by the State, that he claimed and sold the animal as his property because it sucked his cow.

The case presented does not warrant the conviction, by reason of the error in the charge of the court, and the insufficiency of the evidence. The motion for a new trial should have been granted.

The judgment is reversed and cause remanded for a new trial.

REVERSED AND REMANDED.