### JOHN ALLEN v. THE STATE.

1. MARKS AND BRANDS. It is error to admit as evidence the mark and brand of a party, without preliminary proof that the same is recorded.
2. HIRED HAND. It seems that in prosecutions for theft, where defendant is a hired hand acting under the orders of another, that the fact of stolen cattle being found in the herd which defendant, with others, is engaged in driving, is insufficient to sustain a verdict of guilty.

Appeal from Bexar. Tried below before the Hon. Geo. H. Noonan.

*N. H. Kittrell*, for State.

Devine, J. Appellant was tried in the District Court of Bexar county, on the 11th day of July, 1874, on an indictment charging him, his father, and four others, with the theft of " one head of cattle, to wit, one cow," the property of Fred House. A verdict of guilty was found by the jury, and the motion for a new trial being overruled, the case is presented for consideration on thirteen assignments of error and seven bills of exceptions. The objection to the court permitting Fred House, the alleged owner of the stolen cow, " to testify to the ownership of the cow in question, from "the mark and brand alone," as set forth in exception No. 3, is decisive of the question as regards the improper admission of evidence of a material character. The Act of March, 1848, "regulating marks and brands," requires every person in this State who has cattle, hogs, sheep, or goats, to have an ear-mark and brand different from the ear-mark and brand of his neighbor (Paschal's Digest, Article 4655) ; that " cattle shall "be marked with the ear-mark, or branded with the brand of "the owner on or before they are twelve months old." That " if any dispute shall arise about any ear-mark or brand, it "shall be decided by reference to the book of marks and "brands kept by the Clerk of the County Court." That " it "shall be the duty of the Clerks of the County Courts * * * " * * * to keep a well-bound book in which they shall record "the marks or brands of each individual who may apply to "them for that purpose," and that " *no brands*, except such as "are recorded by the officers named in this Act, *shall be recog-* "*nized in law as any evidence* of ownership of the cattle, "horses, or mules upon which the same may be used." In the evidence on the trial there was nothing showing, or tending to prove that the cow in question was or ever had been the

property of Fred House, save the fact that it had the mark and brand which House and other witnesses·testified was his mark and brand. It was these statements, in connection with defendant being one of the hands engaged in driving the herd of cattle in which the cow was found, that caused his conviction. This evidence ought not to have been admitted until proof was made of the recording of the mark and brand, as required by law. We do not say that proof of ownership by flesh marks, the peculiar formation of the animal's horns, or other satisfactory evidence of ownership, might not be made; but we repeat, where a party or the State desires to introduce the mark and brand as evidence, preliminary proof that the same is recorded is absolutely necessary. There was no error in the admission of the evidence of House and others as to the gathering up of droves of cattle, the herding of the same by defendants in DeWitt county, the bringing a portion of the drove from Karnes county, and the renting of a pasture by Ténnelle, one of the defendants, about the time of their starting from DeWitt; these facts constituted a part of the history of the whole transaction, of which the alleged theft was the principal fact.

Independent of the admission of illegal matter, in making the mark and brand, without evidence of recording, proof of ownership, and for which the judgment must be reversed and the cause remanded, the evidence in this case, admitting even the ownership of the cow by House, is not of that character to lead the mind to a deliberate conclusion that the conviction in this case was fully warranted by all the facts, and the spirit of our laws. Out of the six persons indicted, a severance being had, defendant is tried alone. The witnesses for the State show that he, like others of his age in Western Texas, was in the habit of hiring himself to different persons to hunt or drive stock; that the herd in which the cow was found was driven by four or five persons, of which he was one; that the drove contained about five hundred head, with a great variety of brands; that the herd was under the control of defendant's

father, who was one of the drivers or herders, and a part owner ; that defendant was under the control of his father, and obeyed his orders, the principal witness for the State (House) testifying that when he first knew the accused "he was about four-" teen, that he is now about sixteen." All these facts press strongly against the presumption of guilt arising from his being found as one of those engaged in driving off the property charged to have been stolen.

The judgment is reversed and cause remanded.

Reversed and remanded.