## GEORGE POAGE v. THE STATE.

1. MOTION FOR NEW TRIAL—DILIGENCE.—This court will not revise the action of the District Court refusing an application for new trial based upon the expectation of obtaining the testimony of an important witness, which must have been known to the defendant before the trial, when no diligence was shown to obtain such testimony or reason shown why an application for continuance for want of the testimony was not made.

2. UNRECORDED STOCK BRAND.—An unrecorded brand is admissible to aid in proving the identity of a stolen animal, the title being established by other testimony.

Appeal from McLennan.    Tried below before the Hon. D. M. Prendergast.

*Terrell & Walker*, for appellant.

*George Clark, Attorney General*, for the State.

Moore, Associate Justice.—The law applicable to this case was fully and fairly submitted to the jury by the charge of the court.    Although the guilt of appellant may not be absolutely and conclusively established by the testimony, still it certainly cannot be said that the verdict of the jury is not supported by the evidence.

Appellant was fully cognizant, before he went into the trial of the case, of all the facts which he alleges in his amended application for a new trial he will be able to prove at another term of the court.    No effort was used to procure the testimony of the absent witness, nor is any reason given to account for his failure to do so, or any attempt to explain why he omitted to ask a continuance so as to enable him to get the benefit of the testimony of this witness at another term of the court.    In view of these facts, we cannot say that the court was not justified in overruling the motion for a new trial.

The court did not err in admitting evidence showing the character and description of the brand used by Prather, although this brand had not been recorded.    The evidence was not offered or relied upon to prove title, but for the purpose, in connection with the other evidence before the jury, of identifying the steer referred to by the witnesses with the one described in the indictment.

Finding no error in the record, the judgment is affirmed.

Affirmed.