## Jack Fisher *v.* The State.

1. CONTINUANCE. — At his trial for theft of a cow, the accused applied for a continuance to obtain the attendance of one B. to prove that he was present when one F. gave to the accused authority and a power of attorney to take charge of certain cattle, including the cow in question. The continuance was refused, but the accused was allowed to put in evidence the power of attorney, which showed that, besides B., there were to it two other witnesses; and they were not produced at the trial nor their absence accounted for, nor was their testimony and absence assigned as ground for a continuance. *Held*, that, under these circumstances, there is no error apparent in the refusal of the continuance.

2. EVIDENCE — BRAND. — If the brand upon a stolen animal be the only evidence of ownership relied on by the State, then it is necessary for the State to prove the record of the brand; but it is competent for the State to prove the ownership otherwise, whether the owner had a recorded brand or not.

3. SAME. — Having adduced proof that the owner's brand was changed into a different brand, the State proposed to prove that the new brand was claimed by the accused. The defense objected, on the ground that the record of brands was the best, and the primary, evidence that the accused owned or claimed the new brand. *Held*, that the objection was properly overruled, and the proof correctly admitted as evidence pertinent to the issue.

4. CHARGE OF THE COURT. — It is not the province of the court to intimate by

its instructions that there is evidence before the jury not worthy of their belief. The Code furnishes the proper formula for a charge relative to the evidence, by its provisions that "the jury are in all cases the exclusive judges of the facts proved, and of the weight to be given to the testimony."

Appeal from the District Court of Lampasas. Tried below before the Hon. W. A. Blackburn.

The indictment charged theft of a cow. The jury found the accused guilty, and assessed his punishment at three years in the penitentiary. The opinion discloses such features of the case as are material.

Terrell & Walker, for the appellant.

George McCormick, Assistant Attorney-General, for the State.

White, J. It was not error to overrule the defendant's application for a continuance. As stated in the affidavit, which is copied in extenso in the bill of exceptions, the object sought to be established by the testimony of the witness Solomon Buchanan was "that he was present when defendant obtained a power of attorney and authorized by W. J. Forsyth to gather and drive certain cattle, embracing the cow for which defendant is indicted for stealing."

· Now, the statement of facts shows that defendant was permitted without objection to read in evidence to the jury the power of attorney from W. J. Forsyth. This power of attorney was witnessed by A. W. Conner, J. M. Parks, and S. T. Buchanan, and it is evident that Conner and Parks, the other two witnesses, must have been able, if it had been necessary to do so aliunde, to prove the execution of the instrument as well as Buchanan; and defendant makes no showing why their testimony was not sought, or could not have been procured, for that purpose. But, as stated above, the power of attorney having been admitted in evidence

without objection, it cannot be perceived how the fact that
Buchanan was present when it was obtained was material to
the defense, and especially so when the instrument itself,
upon its face, showed that he was present and a witness
thereto.    *Richardson* v. *The State*, 2 Texas Ct. App. 322.

It appears from the testimony that the original brand on
the cow which was stolen had been altered and changed into
a new one.    The second bill of exceptions states that the
prosecution offered to prove by the witness Barrett that the
defendant claimed the new brand found on the cow, and
that objection was made to the evidence because the best
evidence would be the record of the brand.    This objection
shows that counsel for defendant misconceive, or misapply,
a rule of evidence which has become well settled with regard
to brands.    The rule is this :    Where the prosecution relies
entirely upon the brand upon the stolen animal as evidence
of ownership as against the accused, then the State must
show a recorded brand.    *Poage* v. *The State*, 40 Texas,
151 ; Pasc. Dig., art. 4659 ; *Allen* v. *The State*, 42 Texas,
517.    But this is the rule only where the brand is solely
relied upon as evidence of ownership.    Where the animal
can be proven and identified by flesh-marks, or other evi-
dence of title and ownership, independent of the brand, it
was never intended that the prosecution must fail for want
of a recorded brand also.    " For an unrecorded brand is
admissible to aid in proving the identity of a stolen animal,
the title being established by other testimony."    *Poage* v.
*The State*, 43 Texas, 454 ; *Johnson* v. *The State*, 1 Texas,
Ct. App. 333.

But, if it were otherwise, it would be a misapplication of
the rule to attempt to invoke it in the manner done in the
bill of exceptions.    It was not the State attempting to show a
title as against the accused, independent of a recorded brand ;
but the objection is that the State attempted to show that
the defendant claimed the brand upon the animal before the

State had first shown that the defendant had such a brand, and that it was recorded. The question was not one of identity or ownership of the animal, which the State is always bound to establish; but that being established, and a new brand other than that of the owner having been placed upon the animal without the consent of the owner, the question was, Who put it there, and who claimed it? The declaration of the defendant that it was his, or that he claimed it, was clearly evidence against him, no matter whether he had in fact such a brand or whether it had ever been recorded. The fact that he claimed the unauthorized and illegal brand was a circumstance legitimate and pertinent in the establishment of his guilt. The State might, and could undoubtedly, in such a case, show, if possible, that, in addition to his claim of such a brand, the brand was also recorded, and such proof would but have tended to strengthen the evidences of guilt.

The charge of the court with regard to the statements made by defendant, explanatory of his possession, was in conformity with the doctrine enunciated in *Garcia* v. *The State*, 26 Texas, 209. As there stated, the rule is, "when the account given by a party in whose possession property is found, explanatory of his possession of it, is unreasonable or improbable, the *onus* of proving its truth lies upon him; but if it is natural and probable, and satisfactorily accounts for his possession of the property, as a general principle it devolves upon the State to show that it is false;" citing *Regina* v. *Crownhurst*, 47 Eng. Com. Law Rep. 370.

In another portion of the charge the court instructed the jury as follows: "The jury are the exclusive judges of the credibility of the witnesses and the weight to be given to their testimony; and in so weighing and considering the testimony, the jury *may* believe a part and discard a part of what any witness may have sworn, or they may discredit and disregard the entire testimony of a witness, if in their

judgment all the other facts and circumstances in evidence before them induce such belief; and in case of a conflict of evidence, the jury have the unquestioned right to give credit to the witnesses on one side in preference to the other."

This charge is not liable to the objection and criticism made so correctly by our Supreme Court to that charge in *Bishop* v. *The State*, 43 Texas, 390, to wit, that it was not the law. But whilst it cannot be said not to be the law, we think it is obnoxious to the criticism made by this court upon a similar charge which was properly refused in the case of *Leverett* v. *The State*, 3 Texas Ct. App. 213. In that case it was said: "It is not the business of the court to tell the jury either to accept or to reject testimony which has been adduced before them." The province of the court is, ordinarily, limited to passing upon the legality and competency of the evidence offered. *Tollett* v. *The State*, 44 Texas, 97. After he has performed that duty and permitted its introduction, our statute says "the jury are the exclusive judges of the facts in every criminal case." Pasc. Dig., art. 3058. And again: "The jury, in all cases, are the exclusive judges of the facts proved and of the weight to be given to the testimony, except when it is provided by law that any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or when the law directs that a certain degree of weight is attached to a certain species of evidence." Pasc. Dig., art. 3708.

The danger of such a charge is that the jury may be led to infer that, in the opinion of the court, there has been evidence adduced which should be discredited by them, which otherwise they might not be inclined to do. Still, as said above, it cannot be said that in this instance the charge, taken as a whole, improperly stated the law. We simply call attention to the above extract as a character of charge not calculated to elucidate or enlighten the jury upon their duties, which are so very plainly, and, in our opinion, so much

better, expressed in the simple language of the statute above quoted—that "the jury, in all cases, are the exclusive judges of the facts proved and of the weight to be given to the testimony."

Taken as a whole, the charge of the court presented the law applicable to the case, and no error was committed in refusing the special instructions asked in behalf of the defendant.

The evidence appears to us to be sufficient to warrant the verdict and judgment, and the judgment is, therefore, affirmed.

*Affirmed.*