## J. H. TAYLOR *v.* THE STATE.

THEFT OF CATTLE — CHARGE OF THE COURT. — In addition to other charges correctly given, the jury were instructed, in substance, that if they believed that the appellant was acting in the capacity of an employee to a person who .claimed to own the stolen stock, and acted under his employer's orders, believing honestly that the latter did in fact own the stock, he should be acquitted; but if, on the other hand, though he was in fact a hired hand, he acted for the employer knowing that the cattle were not his, and that his intent was to steal the same, he was guilty of theft of the cattle. *Held,* correct.

APPEAL from the District Court of Erath. Tried below before the Hon. J. R. FLEMING.

The indictment was for theft of cattle ; the defence, that appellant was acting in good faith as agent for a supposed *bonâ fide* owner. The judgment was conviction, and the punishment assessed was five years in the penitentiary.

A condensed statement of the evidence appears in the opinion. Another appeal by this same party, from a similar conviction based upon like evidence, was affirmed in an opinion which refers to the one here reported.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. When the cattle were sold to Glenn, the appellant and the party Hannon, who made the sale, stated that he, Taylor, the appellant, was in charge of the herd as an employee or hired hand of Hannon. The evidence shows that defendant lived with Hannon ; that Hannon did not own any cattle ; that, several weeks before the cattle were stolen, the defendant was at Glenn's house, and told him " that there was a man down where he lived, somewhere below Dublin, who had twenty-five or thirty head of cattle that he wanted to sell, to raise money to pay a land-

note, and asked him (Glenn) if he would buy them." Glenn told him to bring them and he would. Two or three weeks afterwards, defendant and Hannon brought the cattle — twenty-two head — to Glenn, and sold them to him. All the cattle were proven to have been stolen,— stolen from parties living in the same neighborhood, about thirty-five or forty miles from the place where they were sold to Glenn.

The defence was that defendant in this case was a hired hand. Upon this point the court gave the following instruction to the jury, having previously charged the law appropriately with regard to principals or joint offenders acting together in furtherance of a common design, with an unlawful purpose: " If the jury believe from the evidence that at the time of the alleged taking the defendant was a hired hand in the employ of the said Hannon, and assisted the said Hannon in taking possession of and driving said cattle, under the instructions of the said Hannon, and at the time of said taking the defendant believed that the said cattle were the property of the said Hannon, and had no knowledge of 'any criminal intent on the part of the said Hannon in the alleged taking, you will find the defendant not guilty. But, on the other hand, the jury are charged that the fact that the defendant was a hired hand will not in any degree lessen or excuse the offence if he knew that the said cattle did not belong to said Hannon, and that the said Hannon was stealing the said cattle, and, so knowing such unlawful intent and act on the part of said Hannon, aided and assisted the said Hannon in committing such offence."

This instruction properly presented the law applicable to this branch of the case. _Ivey_ v. _The State_, 43 Texas, 425. Indeed, the whole charge as given to the jury expounded the law most fully and ably upon the facts adduced in evidence. The testimony in this case shows that the defendant must have known, and did know, that the cattle were stolen; and in that respect bears a marked difference from the cases of

*Perry* v. *The State*, 41 Texas, 483, and *Allen* v. *The State*, 42 Texas, 517, where the defence was the same as in this case, viz., that defendants were hired hands. No error is perceived in the record, and the judgment is, therefore, affirmed.

*Affirmed.*