R. BANKS *v.* THE STATE.

1. THEFT — CHARGE OF THE COURT. — If in a trial for theft there be evidence tending to show that the taking, though tortious, was not with fraudulent intent, it is the duty of the court to submit that issue distinctly to the jury; and if, under such instructions, the jury convict the accused, the conviction will not be disturbed if there be any evidence tending to support it.

2. SAME. — When, in a trial for theft of a gelding, the evidence showed that

the animal was taken from the actual possession of the owner, and not from its accustomed range, an instruction upon the offence of wilfully using, driving, or removing an animal from its accustomed range would have been inappropriate and inapplicable.

3. PRACTICE. — Unless instructions asked by the defence are manifestly not the law applicable to the case, the better practice is to give them, notwithstanding they have already been substantially given in the main charge.

4. AMENDMENT. — The court below allowed the prosecution to amend the indictment by inserting in its introductory clause the style of the court and the term to which the indictment was presented. *Held*, that the amendment was in a matter of form, and was correctly allowed.

APPEAL from the District Court of Nueces. Tried below before the Hon. J. C. RUSSELL.

The conviction was for theft of a gelding, and five years in the penitentiary the punishment assessed.

As originally drawn, the indictment did not show on its face the court or term to which it was presented; and, pending a motion to quash, the court allowed the prosecuting attorney to amend it in this respect. The defence reserved exceptions.

*McCampbell & Givens*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. If there be evidence tending to show that the taking was not with fraudulent intent, but only tortious, it is the duty of the court to submit that issue distinctly to the jury for its consideration; and their finding against the prisoner upon such issue will not be disturbed, unless in the absence of testimony tending to support it. Upon the trial of this cause the defendant had the benefit of very explicit instructions upon this point, and we are not prepared to say that the jury did wrong in concluding that he was guilty of theft, or that such finding was without evidence to support it. *Poage v. The State*, 43 Texas, 454; *Camplin v. The State*, 1 Texas Ct. App. 108; *Miles v. The State*, 1 Texas Ct. App. 510; *Hamilton v. The State*, 2

Texas Ct. App. 494; *Shoefercater* v. *The State*, 5 Texas
Ct. App. 207.

The animal seems to have been taken from the actual
possession of the owner, and was not upon the range.  An
instruction, therefore, as to the penalty for wilfully using,
driving, or removing the animal from its accustomed range
would have been manifestly inappropriate, and not appli-
cable to the case.  Appellant cannot complain at the action
of the court in instructing the jury, as every charge asked
by him seems to have been given, — the district judge having
adopted a practice which could be followed with advantage
in most trials for violations of the criminal law, and that
is, to give every instruction a defendant may ask, unless it is
palpably and manifestly not the law applicable to the case,
no matter if the main charge has already instructed the
jury upon the very point substantially as asked.

The amendment of the indictment was as to matter of
form simply, and with the amendment as made, it seems to
be free from objection.

    *Affirmed.*