## The State v. Wambold.

1. **Intoxicating Liquors:** INDICTMENT: TIME OF OFFENSE. Time not being a material ingredient of the offense of keeping a saloon wherein intoxicating liquors are sold contrary to law, the precise time of the offense need not be alleged in the indictment, and, if alleged, it need not be proved as alleged, but it is competent in such case to prove the commission of the offense at any time within three years prior to the finding of the indictment. (See Code, § 4301.) If it becomes necessary in such case to identify the crime by the time of its commission, as on a plea of former conviction or acquittal, the time may be shown for that purpose; but such proof is not necessary to support the indictment.

*Appeal from Montgomery District Court.*

SATURDAY, OCTOBER 8.

DEFENDANT was indicted and convicted for keeping a saloon wherein he sold intoxicating liquors. He now appeals to this court.

*C. E. Richards* and *S. McPherson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

BECK, J.—I. The indictment alleges that the offenses were committed January 1, 1885, and the evidence tended to show unlawful sales about that time, and at prior times like sales in a different building. The district attorney confined his claim for conviction to the sales first made. The court directed the jury that they were authorized to convict for unlawful sales made any time within three years prior to the finding of the indictment. The defendant, by objections to the instructions, and in a motion for a new trial, insisted that he could be convicted only for the offense last committed. His position is that, as the indictment charges the offense to have been committed January 1, 1885, the crime for which he may be convicted was committed in the building he then occupied; being the identical offense for which he was indicted. Therefore he claimed the court erred in ruling

that defendant might be convicted of the offense shown by the evidence to have been first committed.

II. It will be understood that the position of defendant is that the allegation of time in the indictment identifies the crime of which defendant is charged. But a little thought will lead to a different conclusion. Code, § 4301, provides that " the precise time at which the offense was committed need not be stated in the indictment, but it is sufficient if it be alleged that the offense was committed at any time prior to the time of finding thereof, except when the time is a material ingredient in the offense." Time is not " a material ingredient " in the offense charged in the indictment. The violation of the law, and the criminality of the acts of which defendant is charged, do not depend upon the time they were done. Under this statute, the precise time the offense was committed need not be alleged, and of course need not be proved as alleged. Nor would it be a defense to prove that a like offense was committed at another time. On the contrary, such proof would support a conviction. Of course, an offense may be identified by the time of commission, in order to distinguish it, when that be necessary, from another like offense ; but, as time is not a material ingredient in the offense, it need not be alleged in the indictment with precision, nor proved as alleged. If a question of the identity of a crime arises upon a plea of *autrefois acquit* or *autrefois convict*, it may be determined by the record, aided by other evidence. In that case time may be established in order to identify the offense ; but such proof is not necessary in order to support the indictment.

We reach the conclusion that the judgment of the district court ought to be AFFIRMED.