96  505|
108  72|

## STATE OF IOWA v. N. GASTON, Appellant.

**Criminal Law:** INDICTMENT. One count in an indictment charged the commission of a crime in a stated month and year. A second count failed to state the year. The first count was dismissed. *Held*, the time having been once laid it was not required to be repeated. Code, 4306. Though the first count was dismissed it still remained a part of the presentment and might still be considered in determining its sufficiency.

**PRACTICE.** One count which was dismissed charged rape by force, and also stated that prosecutrix was a female *child.* The second count charged carnal knowledge *of a female child under the age of thirteen.* *Held*, the dismissal does not acquit upon the second count. The word "child" does not necessarily mean a person under thirteen, and, therefore, the two counts do not, necessarily, charge the same offense.

**SAME.** On a prosecution for rape in B. county, evidence was admitted to show that defendant had intercourse with a female under thirteen years of age in F. county. No charge was asked or given limiting the testimony to showing the disposition of the parties, except that the jury was told defendant could not be convicted unless he was proven guilty *as charged*. *Held*, no error. The jury must have understood that the defendant could not be convicted by it for acts committed in F. county.

*Appeal from Benton District Court.*—HON. GEORGE W. BURNHAM, Judge.

## SATURDAY, DECEMBER 14, 1895.

The defendant was indicted for the crime of rape, and was convicted of an assault with intent to commit rape. He appeals.—*Affirmed.*

*Matt Gaasch* and *T. H. Milner* for appellant.

*Milton Remley,* attorney general, for the state.

Deemer, J.—The defendant is the foster father of the prosecutrix, who is a female under thirteen years of age. A short time prior to the time it is said the

offense was committed, these parties lived in Fayette county. The state, over the objections of the defendant, was permitted to prove that defendant, during the summer of 1894, had carnal knowledge of the girl in Fayette county. It is now practically conceded that this testimony was admissible for the purpose of showing the relations and dispositions of the parties; but it is contended that the court erred in not specifically instructing the jury as to the purpose for which this testimony was admitted. Defendant asked no such instruction, and the court gave none, other than the general ones with reference to the weight and credit to be given to the testimony of the various witnesses, except to say, plainly and explicitly, in at least two instructions, that, before the jury could find the defendant guilty, they must be satisfied beyond a reasonable doubt that at the time and place charged, which was in Benton county, the defendant did carnally know and abuse the prosecutrix. It is quite evident that the jury understood that they could not convict the defendant of any crime he may have committed in Fayette county. The evidence tended to show that, before coming to Benton county, the defendant was in the habit of sleeping with the girl, who was then twelve years of age, and he frequently attempted or had sexual connection with her. The state claimed, and the evidence tended strongly to show, that these illicit relations and conditions prevailed between these parties after they came to Benton county. The purpose of admitting the testimony objected to is so clearly apparent that we do not think there was prejudicial error in failing to instruct with reference to this subject, especially in view of the fact that no such instruction was asked by the defendant. See *State v. Watson*, 81 Iowa, 380 (46 N. W. Rep. 868).

II. The indictment is in two counts,—the first charging that the defendant unlawfully and feloniously made an assault upon, and did then and there feloniously ravish and carnally know, Grace E. Gaston, forcibly and against her will; the second, that he, with force and arms, did make an assault, and then and there carnally knew and abused the said Grace E. Gaston, she then and there being a female child under the age of thirteen years. At the trial the state dismissed the first count, and the conviction was had upon the second. In the first count it is alleged that the crime was committed on the seventeenth day of December, 1894. In the second it is said that the crime was committed on the seventeenth day of December, omitting the year. It is claimed that, as the second count does not name the year, the indictment on which defendant was tried and convicted was fatally defective, and that the court erred in charging the jury that it was alleged to have been committed December 17, 1894. It has been held by this court that where time is not a material ingredient of the offense, the precise time need not be alleged, nor proved as alleged. *State v. Wambold,* 72 Iowa, 468 (34 N. W. Rep. 213); *State v. Deitrick,* 51 Iowa, 467 (1 N. W. Rep. 732). But, without holding an indictment good which fails to state any year, we think our Criminal Code of Procedure fully meets the objection here urged, wherein it provides, at section 4306, that "no indictment is insufficient, nor can the trial, judgment or other proceedings thereon be affected * * * for want of an allegation of the time or place of any material facts when the time and place have been once stated." Section 4305 also provides that the indictment is sufficient if it can be understood therefrom that the offense was committed at some time prior to the finding of the indictment. Another section (4300) provides that "the indictment must charge

but one offense, but it may be charged in different forms to meet the testimony." No objection is urged to the indictment on account of duplicity, and it is apparent it was constructed, as we find it to be, under this last section, to meet the testimony; so that it relates of necessity to but one transaction. It charges, in the first count, that the crime was committed December 17, 1894, and therefore the time has "been once stated;" and it meets the requirements of section 4306. It is insisted, however, that, as the first count was dismissed by the state, nothing remained to fix the date. This contention is not sound, for the reason that the dismissal by the state of the first count did not eliminate it from the indictment. It still remained as a part of the presentment, and the whole instrument should still be considered, in determining its sufficiency. This exact question was presented in the case of *Wills v. State,* 8 Mo. 52, and the point was ruled adversely to appellant's contention.

III. Lastly, it is insisted that the dismissal of the first count amounted to an acquittal on the second, because both charged the same offense. The first count is in the form of an ordinary indictment for rape of a female over the age of thirteen years, except that it is alleged that the said Grace E. Gaston was "then and there a female child." Claim is made that by the use of the words "female child" it is evident that the offense charged in this count is the same as the one charged in the second, which clearly charges the carnal knowledge and abuse of a female child under the age of thirteen years. We do not think this is a tenable position. The word "child" has a broader meaning than appellant's counsel would give it. The word is quite frequently applied to any young person, at any age less than maturity, and is often used in the broader sense of

offspring. We think it is clear that, as used in this indictment, it means that the prosecutrix was immature, and that it would be a forced construction to say that it meant she was under thirteen years of age. We have gone over the entire record with care, and discover no error.—*Affirmed.*