STATE OF IOWA V. THOMAS CLEARY, Appellant.

**Nuisance:** EVIDENCE SUFFICIENT. A conviction for maintaining a liquor nuisance, was sustained by evidence that defendant, before commencing business, in conversing with others, gave them cause to believe that he intended to sell liquor in a box car, placed on a certain lot; that, while defendant was engaged in business in said car, men bought and drank beer there; that the odor of beer came from the car; and that empty beer kegs were piled behind the car.

IRRELEVANT TESTIMONY. That the car was searched at one time, without finding beer, would not show that it was not kept therein at other times.

**Examination of Juror.** It is incompetent to ask a juror, even with a view to a peremptory challenge, whether the fact that a man had been indicted by the grand jury, would raise any presumption of his guilt in his mind, without restricting the question to the indictment under which the trial is had.

**Practice:** CAUTIONING WITNESS. It is proper for the court, in a criminal prosecution, to remind a witness for the state that he is under oath, where his answers show that he is disposed to equivocate, and even to testify falsely, for the purpose of shielding the defendant.

**Practice Supreme Court:** MISCONDUCT OF COUNSEL. Complaint of statements made by the attorney for the state, in his argument to the jury, cannot be made on appeal from conviction, where he merely followed the attorney for the defendant, in making such statements.

*Appeal from Cherokee District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, APRIL 7, 1896.

THE defendant was convicted of the crime of nuisance, committed by maintaining a place in which he kept for sale, and sold, intoxicating liquors, in violation of law. From the judgment, which required him to pay a fine and costs, he appeals.—*Affirmed.*

*Wm. Mulvaney* and *Claud M. Smith* for appellant.

*Milton Remley*, attorney general, and *Jesse A. Miller* for the state.

ROBINSON, J.—I. While one Ames was being examined in regard to his qualification to act as a juror, he was asked this question: "Would the fact, that a man had been indicted by the grand jury, raise in your mind any presumption of guilt?" An objection to the question, interposed by the state, was sustained, and of that ruling the appellant complains. It was not erroneous. The record shows, affirmatively, that the juror was being examined for the purpose of ascertaining whether he was subject to a challenge for cause, and not with the view of a possible exercise of the right of peremptory challenge. But, if that had not been true, the answer sought would have been irrelevant, because it would not have shown an opinion or bias, in regard to the defendant. What effect the finding of an indictment would have upon the mind of the juror, in other cases, was wholly immaterial. If the defendant desired to know the effect which the finding of the indictment' in this case had upon the juror, a question which called for an answer in regard to that fact, should have been asked.

II. While a witness, named Simmons, was being examined, the court said to him: "You understand that you are under oath, do you?" and of that the appellant complains. The witness was being examined for the state, and testified with evident reluctance. His answers showed clearly that he was disposed to equivocate, and even to testify falsely, for the purpose of concealing the truth and shielding the defendant. The suggestion of the

court was in the nature of a caution, and was justified by the conduct of the witness.

III.    Complaint is made of alleged misconduct of the attorney for the state in his argument to the jury. The only evidence of misconduct is contained in an objection made by the defendant.    Whether that correctly represents the statements of the attorney is not shown. The attorney for the state, in response to the objection, claims, in effect, that he had only followed the attorney for defendant in making the statements to which objection was made.    If that claim was well founded,—and, from the record submitted to us, we must presume that it was,—the defendant cannot complain of what was said.

It is insisted that the evidence was not sufficient to authorize a conviction.    It appears that the defendant transacted business in a box car placed on a lot in the town of Quimby.    Before he commenced business he conversed with men of that place with regard to his plans, and gave them sufficient cause to believe that he intended to sell intoxicating liquors.    While he was engaged in business, men bought and drank beer in the car; the odor of beer came from the car; and empty beer kegs, to the number of twenty or more at one time, were piled behind it.    The facts established by the evidence, including the declarations of the defendant, show his guilt clearly, and his conviction and punishment were fully authorized.

Some attempt was made to show that the car was searched at one time without finding beer.    Evidence to that effect was properly rejected.    The fact that beer was not found in the car at the date of the search would not tend to show that it was not kept and sold there at other times.

V.    Questions to which we have not referred, are suggested by counsel for the appellant.    We have

considered them all, but without finding any prejudicial error in the proceedings in the district court. The defendant was given a fair trial, the jury was properly instructed, and he has no just grounds for complaining of the judgment. It is, therefore, AFFIRMED.