STATE OF IOWA, Appellee, v. CHARLES HART, Appellant.

**Trial:** CONTINUANCE. Where diligence is not shown in preparing for
1    trial, or where the grounds of a motion for continuance filed
after a cause is called for trial were known prior to that time,
a continuance of the cause may properly be denied.

**Forgery:** EVIDENCE OF OTHER LIKE TRANSACTIONS. On a prosecution
2    for forgery evidence tending to show other like transactions is
admissible, not as substantive proof of the crime charged but as
bearing upon the credibility of defendant as a witness; and as
limited by the court to a consideration for that purpose no pre-
judice in the instant case resulted from its admission.

**Instructions:** REASONABLE DOUBT: CIRCUMSTANTIAL EVIDENCE. It is not
3    necessary for the court to instruct in each paragraph of its charge
that the state must prove its case and each element thereof be-
yond a reasonable doubt; nor is it necessary for it to instruct on
the subject of circumstantial evidence where the charge is estab-
lished if at all by direct testimony, especially in the absence of
a request to that effect.

**Argument:** PREJUDICIAL STATEMENTS. Where defendant's counsel
4    by cross examination of the states witnesses and by argument
injects improper matter into the case, the defendant can not com-
plain of the county attorney's reply argument, unless he oversteps
proper bounds in so doing and prejudice results to defendant
thereby. In the instant case no prejudice is shown.

**Same:** AFFIDAVITS. Misconduct in argument to the jury cannot be
5    shown by affidavits.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN,
Judge.

TUESDAY, DECEMBER 15, 1908.

INDICTMENT for uttering a forged note. Trial to a
jury. Verdict and judgment of guilty, and defendant ap-
peals.—*Affirmed.*

*J. A. Merritt,* for appellant.

*H. W. Byers,* Attorney General, and *C. W. Lyon,* Assistant Attorney General, for the State.

DEEMER, J.—The note which defendant is charged with having uttered purports to have been signed by Nathan Lentz. It is for the sum of $100, made to Chas. Hart, and purports to have been executed February 11, 1907. The note was sold to B. J. Cavanaugh as a genuine instrument of the purported maker. The indictment was returned June 14, 1907, and on June 15th defendant was arrested and arraigned. His case was then assigned for trial on June 20th. On the 18th of that month defendant filed a motion for a continuance based upon the grounds (1) that the time was too short to enable him to prepare for trial; (2) that two material witnesses were absent from the county, and their testimony could not be obtained. This motion was sustained, and the cause continued until the September term of court. On the 17th day of September, 1907, the case was again called for trial, and, defendant having appeared in person and by counsel, a jury was impaneled and sworn to try the case, whereupon defendant presented another motion for a continuance based upon the same grounds as the former one. Objection to this was made by the county attorney on the ground that the application came too late, and that no sufficient diligence was shown. The court overruled the motion, and of this complaint is made.

I. Section 3606 of the Code provides that such a motion shall not be allowed when the case is called for trial, except for matters which could not by reasonable diligence have been discovered before that time.

1. TRIAL: continuance.

The grounds for the motion were as well known before the case was called for trial as after, and this in itself was sufficient ground for overruling the motion. Moreover, the showing made in support of the motion, even had it been timely, does not indicate sufficient

diligence in preparing for trial. *State v. Burns,* 124 Iowa, 207.

II. It is claimed that a juror was incompetent because of defective hearing. The testimony taken on the *voir dire* does not establish this claim. *State v. Norman,* 135 Iowa, 483; *State v. Hudson,* 110 Iowa, 663; *State v. Bone,* 114 Iowa, 537.

III. Complaint is made of the introduction of testimony tending to show other utterings of forged paper. We do not find that the State offered any substantive testimony of this kind. All that appears in

2. FORGERY: evidence of other like transactions.

this connection is that upon defendant's cross-examination certain facts with reference to other transactions were brought out. Bearing thereon, the trial court gave the following instruction: "Evidence tending to show other acts of the defendant in connection with other instruments alleged to have been forged, has been admitted. This evidence you will not consider for the purpose of determining whether or not the instrument named in the indictment was a forged one, or whether the defendant uttered and passed the said instrument in the indictment, but it will be considered by you only in connection with the testimony of the defendant and as bearing upon his credibility as a witness." There was no prejudicial error here. The cross-examination was proper, or at any rate not complained of.

IV. A complaint that one of defendant's witnesses was not allowed to testify as to the genuineness of the signature to the note is not borne out by the record.

V. Several instructions are complained of, and it is contended that the court erred in denying defendant's requests and in failing to instruct as to circumstantial evidence, although no request on this subject

3. INSTRUCTIONS: reasonable doubt: circumstantial evidence.

was made. General complaint is made because the court did not instruct in each paragraph that the State must prove its case and each

element thereof beyond a reasonable doubt. This is not required. The general rule was stated by the court and reiterated in another instruction relating to the elements of the offense and what was essential to be proved to make out the offense. This was sufficient. The requests, in so far as they stated correct propositions, were embodied in the charge as given. No request was made that the court instruct on the subject of circumstantial evidence, and, in the absence of such request, the trial court on the record made was justified in omitting to charge thereon. The passing of the paper and the forgery were established by direct evidence, and the inference might well have been drawn that defendant did it. At any rate there was no error here.

.VI. During the closing argument of the case to the jury the county attorney made reference to the fact that defendant had been bound over to the grand jury by certain justices of the peace of Polk County, and that they were not in the habit of binding over unless there was some evidence tending to point out the guilt of such persons. This was said in response to some statements made by defendant's attorney in his argument. The trial court, upon objection being made, sustained it, and directed the jury not to consider the matter. There was testimony brought into the case, without objection, to the effect that defendant had been bound over, and his counsel in argument attempted to explain this away. What was said by the county attorney was in response thereto, and, while perhaps in his zeal he went a little too far in the matter, the trial court restrained him and directed the jury not to consider the matter. In view of the entire record, we are satisfied that there was no reversible error here. The matter was injected into the arguments by defendant's counsel, and he can not well complain of the situation unless it appears that the county attorney so far overstepped

4. ARGUMENT: prejudicial statements.

the bounds as that prejudice resulted to the defendant. The trial court found that there was no prejudice, and we see no reason for disturbing the holding. *State v. Burns,* 119 Iowa, 663; *State v. Milmeier,* 102 Iowa, 697.

Defendant's counsel called out the matter upon which the argument was based in his cross-examination of one of the State's witnesses, and in his argument attempted to break the force thereof. This opened the door to a reply by the State's attorney.

Moreover, the alleged misconduct is attempted to be shown by affidavits, which under our practice is not permissible. We base our conclusion upon the findings made by the trial court and embodied in the record.

5. SAME: affidavits.

No prejudicial error appears, and the judgment must be, and it is *affirmed.*