STATE OF IOWA, v. ISADORE PODER, Appellant.

**Criminal law:** CONSPIRACY: INDICTMENT: SUFFICIENCY. There may be cases where the offense of conspiracy is not complete without some overt act, and where such is the case the act must be alleged and proved; but the statute makes it an indictable offense to conspire to do any illegal act injurious to public morals, and a charge in the language of the statute, and stating the particular illegal act which is the subject of the conspiracy, is all that is required in such cases. So that an indictment charging that defendant conspired with other named persons with unlawful intent to entice certain young women from their homes for the purposes of prostitution, which is made a crime by statute, is sufficient, although alleging no overt act. And although in the instant case the indictment refers to a conspiracy to do an illegal act by attempting to entice, etc., it was not rendered defective because thereby simply alleging a conspiracy to attempt to do an illegal act.

**Same:** CONSPIRACY: SEPARATE TRIAL. One charged with conspiracy may be indicted and tried singly, although the crime in its very nature is one that can not be committed except through a combination of persons.

**Same:** TRIAL: REMARKS OF COURT TO WITNESS. It is within the province of the court, when it is justified in believing that a witness is not speaking frankly and fully of the matters inquired about, to remind the witness that he is under oath and must tell the whole truth.

**Same:** EVIDENCE OF GOOD CHARACTER: INSTRUCTION. The court is not required to tell the jury the effect which may be given the defendant's evidence of previous good character, in the absence of a request therefor.

**Same:** EVIDENCE: STATEMENTS OF CO-CONSPIRATOR. The admissions of a co-conspirator, not made in the presence and hearing of the accused and in promotion of the conspiracy, are not admissible against him.

**Same:** APPEAL: SUFFICIENCY OF ABSTRACT. The abstract of the record is presumed to contain all such matters as are necessary to determine every question raised on the appeal.

**Same:** STATEMENTS IN FURTHERANCE OF A CONSPIRACY. The admissions of a co-conspirator tending simply to establish the existence of a conspiracy, when not made in the presence of an accused, are not admissible against him as being in furtherance of the conspiracy.

*Appeal from Mahaska District Court.*—HON. K. E. WIL-
COOKSON, Judge.

WEDNESDAY, APRIL 3, 1912.

THE defendant was convicted of having entered into a conspiracy to do an illegal act injurious to public morals and appeals.—*Reversed.*

*Bolton & Shangle,* for appellant.

*George Cosson,* Attorney-General and *H. E. Sampson,* Assistant Attorney-General, for the State.

LADD, J.—The specific charge made against the defendant is that he conspired with two other named persons with the unlawful purpose and intent to entice certain named young women from their homes, and from the persons having them in legal custody, for the purposes of prostitution and lewdness, and to cause said young women to become prostitutes, and commit adultery and fornication. The case was tried to a jury, and defendant found guilty as charged.

I. The appellant challenges the sufficiency of the indictment, in that it fails to charge an indictable offense, and is void for duplicity. It is said, among other things, that the indictment fails to charge any overt act, and will not therefore sustain a conviction. The objection is unsound. It may be, and doubtless is, true that in some cases the offense of conspiracy is not complete without some overt

1. CRIMINAL LAW: conspiracy: indictment: sufficiency.

act, and, when such is the case, the act must be alleged and proved. To this class of cases, Code, sections 5297 and 5490, on which counsel rely, are applicable, but the conspiracy charged in the present case is of statutory creation. See Code, section 5059, which makes it an indictable offense to conspire to do "any illegal act injurious to public morals." When, therefore, the accusation is made in the language of the statute, and the particular illegal act injurious to public morals, which act is the subject of the alleged conspiracy, is stated, the charge is complete. Counsel further argue that the indictment does not charge a conspiracy to do an illegal act, but is, in effect, an allegation of conspiracy to attempt the perpetration of an illegal act, and that this does not constitute an indictable offense. While the indictment is somewhat inartificially drawn, the criticism here directed against it is not justified. True, the pleader does in one case speak of a conspiracy to do an illegal act "by attempting to entice," etc., yet, when he comes to the charge of the specific act, he alleges, in substance, that said persons did conspire to take and entice the young woman named into a life of prostitution and lewdness, which enticement is clearly an offense against the provisions of Code, section 4942.

Bearing upon this branch of the case, it should also be said that the crime which is the object of the conspiracy need only be named in general terms, without stating the facts constituting it. See *State v. Loser,* 132 Iowa, 429; *State v. Soper,* 118 Iowa, 1.

Nor is there any merit in the further objection that, because the appellant is alone charged with a crime which in the nature of things can be committed only by a combin-

2. SAME: conspirary: separate trial. ation of two or more persons, the indictment is sufficient, and a conviction thereunder cannot be sustained. It has never been held that the state must indict and convict all the parties to an alleged conspiracy or none. So clear and elementary is it, under our

system of criminal practice, that any one or more of the persons jointly implicated in the commission of any public offense may be separately tried and convicted without regard to the prosecution of his confederates that we need take no time to cite authorities. The further suggestion that the indictment charges two or more offenses is likewise untenable. It charges a single conspiracy to do a single unlawful act, and, while it indulges in much repetition, it does not affect the unity or identity of the charge presented.

II. Among the witnesses produced on the trial was one of the young women referred to in the indictment. While being examined by counsel for the state, she was

3. SAME: trial: remarks of court to witness. sharply reprimanded by the court and warned that she must answer the questions propounded to her, and tell the truth. Of this the appellant vigorously complains, and says that it was in effect a suggestion to the jury that defendant was guilty, and that the witness was testifying falsely. It is quite evident from the record that the witness was testifying with reluctance, and frequently indulged in the answer, "I don't remember," and the court appears to have believed that she was evading the inquiries made of her. We are unable to say that the rebuke was not justified. The witness was before the court, which could observe her appearance, conduct, demeanor, and tone, and, if these warranted the conclusion that she was not speaking frankly or fully of the matters inquired about, it was within the province of the court to interfere and remind the witness that she was under oath, and must tell the truth, and the whole truth. *State v. Cleary*, 97 Iowa, 413. There is nothing in the record to indicate that this discretion was abused.

III. The defendant introduced evidence tending to show his previous good character. In its charge to the jury no instruction was given as to the effect which might be given to testimony of this nature. This is said to be error. No request for such an instruction was made in appel-

lant's behalf, and its omission under such circumstances

4. SAME: evi-
dence of good
character: in-
struction.

will not justify a reversal. *State v. Hatha-way,* 100 Iowa, 225; *State v. Gaston,* 96 Iowa, 505; *State v. Woodward,* 84 Iowa, 172; *State v. Lightfoot,* 107 Iowa, 344.

IV.    One Reesce testified that while engaged as a singer in the Lyric Theater in Oskaloosa he was standing "at the head of the stair about 9:30 o'clock p. m. when he

5. SAME: evi-
dence: state-
ments of co-
conspirator.

saw Ray Black and defendant come in. Q. Now, what, if anything, was said about these girls by these parties?    (An objection as irrelevant, immaterial, and incompetent, unless said by defendant, was overruled.)    A. Black and Podor came in. Podor went down the asile, and Pearson said, 'Well, he came in;' and Black, he says, 'I am going to leave in the morning.'    (The objection was renewed 'as incompetent, irrelevant, and immaterial, because it shows the defendant was not present,' and the objection was overruled.)    A. He said that, he said, 'I and Dutch and the Jew are going to leave in the morning.'    He said, 'We are going to Chicago.'    And I said, 'What are you going to do there?' And he said, 'Well, we are going to take the Wycoff girl and May Johnson over, and let them peddle their prat, and keep us.'    He said, 'We are going to live easy.'    (The defendant moved to strike the answer as incompetent, irrelevant, and immaterial, and the motion was overruled.)    A. And I said to them, I says, 'Boys, you are going to get into trouble.'    That is what I told them; said, 'You are going to get in trouble.'"    Subsequently defendant moved to strike all the testimony of the witness on the ground that defendant was neither present nor participated in the conversation, and the motion was overruled.    It and the objection other than the first should have been sustained.    The state's suggestion that defendant was within hearing is not borne out by the record.    Reesce stood at the head of the stairway.    As defendant, who is referred to as the Jew,

passed down the aisle, Black remained, and, as Pearson, who is spoken of as Dutch, came up, Black began to talk. How far down the aisle the defendant walked is not disclosed but, in order to render Black's statements admissible, he must have been shown to have been within hearing distance. But this was not done.

It is no answer to say there may have been other evidence for the abstract is presumed to contain enough of the

6. SAME: appeal: sufficiency of abstract. record on which to determine every question presented. There is no basis for saying that Reesce in referring to "boys" meant other than Black and Pearson.

But the state argues that this testimony was admissible as the declarations of a co-conspirator in the furtherance of the conspiracy charged. That it, as against Black and possib-

7. SAME: statements in furtherance of a conspiracy. ly Pearson, tended to establish the existence of a conspiracy, is doubtless true, but it had nothing to do with the promotion of the enterprise, and was not admissible as against defendant as tending to connect him with the conspiracy alleged. *State v. Crofford,* 133 Iowa, 478. In what manner can it be said to have advanced or to have tended to advance the design, if any, of the accused parties of carrying the girls away, and inducing them to lead lives of prostitution and the like? An admission or confession of what is proposed to be done is not to be misconstrued into or confused with declarations in aid or promotion of the design talked about. The statement of Black was of what he and Pearson and defendant were going to do; i. e., going to Chicago and allow the girls to support them by prostitution. This was a clear admission of connection with the alleged conspiracy, but as such it did not in any way tend to further the same, and for this reason was not admissible against the defendant, who was not shown to have been present. See *State v. Gilmore,* 151 Iowa, 618. That the ruling was prejudicial is manifest from the recital of the record.

Because of this error, the judgment is reversed and the cause remanded.—*Reversed.*