STATE OF IOWA, Appellee, v. ORIE CLEAVER, Appellant.

**CRIMINAL LAW:** Former Jeopardy—"Bootlegging." An acquittal
1  under an indictment charging a nuisance in that the accused maintained a place for the keeping of intoxicating liquors with intent to sell, is no bar to an indictment charging the crime of "bootlegging,"—the carrying of intoxicating liquors upon the person ·with intent to sell such liquors.

**TRIAL:** Excluding Witness. Principle reaffirmed that the court is
2  not necessarily required to exclude the testimony of a witness because the witness violated the order of the court excluding witnesses from the court room during trial.

· **CRIMINAL LAW:** Trial—Irrelevant Arguments. If counsel for the
· 3  defendant in his argument elects to depart from the record and to wage knightly warfare against irrelevant windmills, then defendant may not complain if the court permits the prosecuting attorney in his argument to come to the aid of such windmills.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

DECEMBER 11, 1923.

THE defendant was charged with the crime of bootlegging, in that he did unlawfully keep and carry on his person certain intoxicating liquors,. with intent to sell the same. To this indictment the defendant pleaded "not guilty." He also pleaded a former acquittal of the crime charged. There was a verdict of guilty, and sentence thereon. The defendant has appealed.—*Affirmed.*

*William P. Welch,* for appellant.

*Ben J. Gibson,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Roy Havens,* County Attorney, for appellee.

EVANS, J.—The assigned grounds of reversal are:
(1) An alleged former acquittal.

(2)   Misconduct of the witness Mathieus, in violating the order of the court excluding witnesses from the court room.

(3)   Misconduct of the county attorney in his closing argument to the jury.

I.   Was there a former acquittal? It is made to appear that the witnesses Spencer and Mathieus testified before the grand jury to the purchase from the defendant of certain intoxicating liquor on June 17, 1921, at his place of residence on a farm. The circumstances of the purchase were that the defendant absented himself for a brief time from the witnesses, and disappeared in a field some distance from his house, and shortly thereafter returned with the desired intoxicating liquor upon his person, which he then and there sold to the witnesses. Upon this testimony, two indictments were returned against him by the grand jury: (1) As for maintaining a nuisance; (2) as for bootlegging, in that he carried the intoxicating liquor upon his person, with intent to sell.

1. CRIMINAL LAW: former jeopardy: "bootlegging."

The defendant was arrested under both indictments, and put upon trial, the indictment for nuisance being first in the assignment. After the jury was sworn, the county attorney dismissed the nuisance indictment. Thereupon, the defendant was put upon trial under the indictment for bootlegging. The defendant moved to quash this indictment, on the ground of his former acquittal under the nuisance indictment. His motion was overruled.

His argument is that an allegation in one count of the nuisance indictment to the effect that he sold intoxicating liquor on June 17, 1921, to the named witnesses, was a material allegation of the nuisance indictment, and was, therefore, necessarily negatived by his acquittal of the nuisance charge, as provided by Code Section 5405; that the two indictments were predicated upon the same testimony, and were provable by the same testimony, and by none other. The point is without merit. The material allegation in the bootlegging indictment is that the defendant carried intoxicating liquor upon his person with intent to sell the same. Under the statute, this charges a distinct offense, and is not identical with the charge of nuisance as for maintaining a place for the keeping of intoxicating liquors with

intent to sell. The defendant could be guilty of bootlegging without being guilty of maintaining a nuisance, within the strict meaning. of the statute. He could also be guilty of maintaining a nuisance, without being guilty of bootlegging. The question is not an open one in this state. *State v. Johns*, 140 Iowa 125. Nor is it an open one in any other jurisdiction, as far as we know. *Snitkin v. United States*, 265 Fed. 489, 501; *Hughes v. Commonwealth*, 131 Ky. 502 (31 L. R. A. [N. S.] 693, with note).

II. The trial court ordered the witnesses to be excluded from the court room during the taking of evidence preceding their own testimony, respectively. The defendant contends that this order was violated by the witness Mathieus.

2. TRIAL: ex-
cluding witness. He moved in the court below to strike all of the testimony of Mathieus on that ground. This motion was overruled. The ruling is now complained of. If the witness had violated the order, it was not obligatory upon the court to exclude his evidence on that ground. The court had ample power to deal with such violation on the part of the witness, without prejudice to either litigant. But the record does not disclose that the witness did violate the order. The contention of the defendant at this point is predicated upon the fact that the witness stood at the foot of a spiral stairway, which was connected with the court room. As a basis of his contention, the defendant assumes that the witness could have heard some of the testimony through this avenue, and this notwithstanding the denial of the witness. There is no claim that the witness was *in* the court room. The point merits no further attention.

III. Defendant complains of misconduct of the county attorney in his closing argument. There was much in this argument which was quite outside of the record, and which consti-

3. CRIMINAL LAW:
trial: irrele-
vant arguments. tuted an impassioned appeal to the jury to do its duty, lest the heavens fall. It was delivered in the presence of the trial judge, and over many objections on the part of the defendant. Some of these objections were sustained, and due admonishment followed, both to the jury and to the offending counsel. The larger number of the objections were overruled, on the distinct ground that the

argument complained of was fairly responsive to like argument by defendant's counsel. We are disposed to properly protect a defendant in a criminal case against improper and inflammatory argument by the county attorney; but we cannot establish a rule so rigid as to become a premium for improper argument by counsel for the defense. If this rule of protection is to be rigidly enforced against the State, it must be observed also by the defense in its arguments. If counsel for the defendant in his argument elects to depart from the record and to wage knightly war against irrelevant windmills, then the windmills are thereby brought under the protection of the trial court's discretion.

In so far, therefore, as the court sustained the defendant's objections, its rulings and admonitions were adequate. In so far as the rulings were adverse, they were within the fair discretion of the court.

No other errors are argued. The judgment below is, accordingly, affirmed.—*Affirmed*.

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.