STATE of Iowa, Appellee,

v.

Clarence William SAGE, Jr., Appellant.

No. 52948.

Supreme Court of Iowa.

Nov. 12, 1968.

John P. Roehrick and Ben E. Kubby, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Ray A. Fenton, Des Moines, County Atty., for appellee.

MOORE, Justice.

On October 19, 1967 defendant, Clarence William Sage, Jr., was charged by a county attorney's information with the crime of larceny over twenty dollars as defined in sections 709.1 and 709.2, Code, 1966. Defendant entered a plea of not guilty and was brought to trial on November 13. On November 14 the jury returned a guilty verdict and on December 1, 1967 defendant was sentenced to a term not to exceed five years in the State Penitentiary at Fort Madison. He has appealed.

The sole issue presented for our determination is whether the comments of the prosecuting attorney in closing argument concerning defendant's failure to testify constituted prejudicial error requiring reversal and a new trial. Under the record we hold they did not.

In view of the narrow and limited scope of our inquiry we need only to summarize the chain of events leading to defendant's arrest. About 6:00 a. m., September 8, 1967 while servicing a vehicle, the attendant at the Standard Station at 2nd and Euclid in Des Moines observed a man, whom he later learned to be defendant, prying open the cash register and taking money therefrom. While the attendant was attempting to detain defendant and also telephone the police defendant ran from the station office. Later he was found hiding along a fence a short distance from the station and was returned thereto where he was identified by the attendant. Defendant when arrested was without shoes which were later found at the station.

Six days after the jury verdict defendant filed motions in arrest of judgment and for new trial. The motions were supported by nine grounds none of which are urged on this appeal. At the conclusion of oral argument on the motions defendant brought to his counsel's attention the fact the prosecuting attorney had commented in

argument to the jury on defendant's failure to testify. Defense counsel then orally amended to include this as an additional ground for a new trial.

The arguments had not been taken by the court reporter. The trial judge ordered the respective counsel to prepare and file bills of exceptions to augment and clarify the record. On November 30 all grounds supporting defendant's motions including those in the bills of exceptions were considered and the motions denied.

■ The bills of exceptions which the trial court approved reveal defense counsel in closing argument reminded the jurors of his previous discussion with them on voir dire with reference to defendant not taking the witness stand. Defense counsel further stated to the jury the decision and the responsibility for defendant not testifying was his (counsel's), that they should not hold this against defendant, that he had told them, the jury, he would win the case wholly on the basis of cross-examination of the state's witnesses and that he had successfully done so.

In his rebuttal or reply argument the prosecuting attorney rhetorically asked the jury whether they had considered alternative reasons for defendant's decision not to testify such as his reluctance to be cross-examined concerning his apprehension near the scene of the crime under suspicious circumstances and his unwillingness to be impeached.

I. Thus we have a clear and uncontradicted record establishing the prosecuting attorney brought directly to the attention of the jury the fact defendant had not taken the witness stand. In Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, the Supreme Court held such comment to be constitutionally infirm on the ground it in effect placed a penalty on the defendant's right not to be compelled to be a witness against himself as protected by the Fifth Amendement to the Constitution of the United States. Previous to Griffin all the protections of the Fifth

Amendment which had been held applicable to federal criminal prosecutions were held to be likewise applicable to defendants in state criminal prosecutions through the application of the due process clause of the Fourteenth Amendment. See· Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653.

The Supreme Court likewise held that instructions permitting the jury to draw an inference of guilt from defendant's failure to testify were unconstitutional. Griffin v. State of California, supra.

That we have not hesitated to reverse when faced with such error as proscribed by Griffin, see State v. Johnson, 257 Iowa 1052, 135 N.W.2d 518; State v. Beshears, 258 Iowa 389, 138 N.W.2d 886; State v. Osborne, 258 Iowa 390, 139 N.W.2d 177; State v. Barton, 258 Iowa 924, 140 N.W. 2d 886; State v. Raymond, 258 Iowa 1339, 142 N.W.2d 444.

In none of the above cited cases, however, were we faced with the factual situation as here presented. Defendant's own counsel injected in argument the fact defendant had not testified in what no doubt was a tactical ploy to erase from the minds of the jurors any adverse inference or conclusion they may have drawn from his failure to take the witness stand.

II. It must be noted defendant interposed no objection to the prosecutor's argument. No motion for a mistrial was made. No cautionary instruction was requested. Defendant's first objection to the prosecutor's reply argument was made several days after the guilty verdict. We have often held a party will not be allowed to gamble on a favorable verdict and raise a claim of misconduct by a prosecutor for the first time after the verdict. Defendant's present claim could be properly denied as not timely presented to the trial court. State v. Rutledge, 243 Iowa 179, 199, 47 N.W.2d 251, 263, and citations; State v. Olson, 249 Iowa 536, 555, 86 N.W.2d 214, 226; State v. Miller, 254 Iowa 545, 556, 117 N.W.2d 447, 454; State v. McClain,

256 Iowa 175, 186, 125 N.W.2d 764, 770, 4 A.L.R.3d 134. We have, however, as a matter of grace considered defendant's claim of error.

III. The record clearly reveals the prosecutor's remarks were provoked by and in reply to comments of defense counsel, Mr. Kubby, in his closing argument. The State's bill of exceptions says the county attorney's comments were purely rebuttal and we note defendant did not dispute this fact. The trial court so found in his approval of the bill of exceptions and in his ruling denying the motion for new trial.

In State v. Rasmus, 249 Iowa 1084, 1086, 90 N.W.2d 429, 430, we quote this from what is now 24A C.J.S. Criminal Law § 1842: "A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error * * * in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions."

We have applied this rule to varying situations none of which appear more compelling for its application than the case at bar. State v. Hammer, 246 Iowa 392, 399, 400, 66 N.W.2d 490, 494; State v. Rasmus, supra; State v. Beckwith, 243 Iowa 841, 843–845, 53 N.W.2d 867, 869; State v. Osborne, 258 Iowa 390, 393, 139 N.W.2d 177, 179.

It is proper for the county attorney to answer the argument made by defendant's counsel, and, although the question under discussion was an improper one, yet, under such circumstances, it is not ground for reversal. State v. Cleary, 97 Iowa 413, 415, 66 N.W. 724, 725; State v. Crayton, 138 Iowa 502, 503, 116 N.W. 597; State v. Hart, 140 Iowa 456, 459, 118 N.W. 784, 786; State v. Cleaver, 196 Iowa 1278, 1280, 1281, 196 N.W. 19, 20; State v. Kendall, 200 Iowa 483, 487, 203 N.W. 806, 808.

We have not heretofore considered the propriety of a prosecutor commenting in rebuttal argument on a defendant's failure to testify after the subject was discussed by defense counsel. Many other jurisdictions have however considered this exact question both before and after Griffin v. State of California (April 1965) and have held it is not reversible error.

In Babb v. United States, 8 Cir. (Oct. 1965), 351 F.2d 863, defense counsel called to the jury's attention the fact that Babb had not taken the witness stand and in explanation argued it was unnecessary in view of the government's case and admonished the jury not to condemn defendant but instead blame his attorney. In reply argument the prosecutor alluded to the fact defendant had not testified and stated the only person who knew the answer to a certain fact question was the defendant but he had seen fit not to give that answer.

At page 868, 351 F.2d, the court said: "The direct reference to defendant's failure to testify with the accompanying explanation was an invitation to the prosecutor to comment upon the subject and does not demand reversal. (Citations)."

The facts in Tilford v. State, Okl.Cr., 437 P.2d 261 (1967), are very similar to those here in regard to the arguments of counsel. At page 267 the court states: "Generally, remarks of the prosecuting attorney, including such as might or would otherwise be improper, are not grounds for reversal where they are invited, provoked, or occasioned by accused's counsel or are in reply to or retaliation for his acts or statements. In the case of Cherry v. State, 33 Okl.Cr. 37, 241 P. 833, it is stated: 'It is not reversible error for counsel for the state to comment on the failure of a defendant to testify, where defendant's counsel himself first comments on the fact that the defendant did not take the stand.' "

In Testasecca v. State, Fla.App., 115 So.2d 584, 586, the court quotes this from Waid v. State, Fla., 58 So.2d 146: "But appellant's position is insecure for the simple reason that his counsel, while addressing the jury, introduced the subject by

remarking upon the lack of testimony by the appellant, and the reason for it. What followed was nothing more than a retort by the attorney for the state.

"A defendant may not reap the benefits of failure to testify, such as the escape of cross-examination, and then claim the protection the statute affords, if he plays upon that very failure. When he brings to the attention of the jury the want of testimony by him and the reason for the course he chose, he invites a rebuttal from his adversary, and of that he cannot complain."

For like holdings see Slater v. State, 166 Tex.Cr.R. 606, 317 S.W.2d 203; Montgomery v. Commonwealth, Ky., 346 S.W.2d 479; Edwards v. Patterson, D.C., 249 F.Supp. 311.

Here the remarks of the prosecutor in reply argument were invited, provoked and occasioned by defendant's counsel in argument and are not grounds for reversal.

Affirmed.

All Justices concur.