**IN THE COURT OF APPEALS OF IOWA**

No. 20-0133
Filed February 3, 2021

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**PAMELA CARR,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Warren County, Mark F. Schlenker,

District Associate Judge.

　　　Pamela Carr appeals her sentence on one count of operating a motor

vehicle without consent. **SENTENCE VACATED IN PART AND REMANDED**

**FOR RESENTENCING.**

　　　Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,

Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

　　　Considered by Doyle, P.J., and Tabor and Ahlers, JJ.

**DOYLE, Presiding Judge.**

Pamela Carr appeals her sentence after pleading guilty to operating a motor vehicle without the owner's consent. She challenges the court's decision to run her sentence consecutive to a sentence in another case because the court failed to state on the record its reasons for imposing consecutive sentences as required by Iowa Rule of Criminal Procedure 2.23(3)(d). *See State v. Hill*, 878 N.W.2d 269, 273 (Iowa 2016) (holding a sentencing court must also state on the record its reasons for imposing consecutive sentences). The State concedes that the court failed to provide its rationale. We therefore vacate the portion of Carr's sentence imposing consecutive sentences and remand for resentencing on that issue. *See State v. Jason*, 779 N.W.2d 66, 77 (Iowa 2009).

Carr also challenges the court's determination of her reasonable ability to pay restitution as required in *State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019). The court's January 2020 judgment and sentence ordered Carr to pay court costs and court-appointed attorney fees and found she had a reasonable ability to pay, even though the amount of those costs and fees were not available at the time of

sentencing. We need not wade into the *Albright/Davis*[1]/SF 457[2]/*Hawk*[3] morass because Carr waived the issue. In her written petition to plead guilty, Carr stated she understood and agreed to "pay full restitution and court costs for all charged offenses including any counts or cases dismissed." Carr cannot now have the benefit of self-created error. "[I]t is elementary a litigant cannot complain of error which [s]he has invited or to which [s]he has assented." *Hackman v. Beckwith*, 64 N.W.2d 275, 281 (Iowa 1954). Additionally, a defendant "cannot assume inconsistent positions in the trial and appellate courts." *State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968). *See also, State v. Jones*, No. 16-1173, 2017 WL 2181575, at *2 (Iowa Ct. App. May 17, 2017) ("Having agreed to consecutive sentences, Jones cannot now be heard to complain about those sentences."), *but see State v. Green*, No. 15-1657, 2016 WL 3554888, at *1 (Iowa Ct. App. June 29, 2016) ("The fact that [defendant] invited—nay, specifically requested—imposition of an

---

[1] *State v. Davis*, 944 N.W.2d 641, 645-46 (Iowa 2020) (clarifying *Albright* and reiterating that interim restitution orders are not enforceable).

[2] *See* 2020 Iowa Acts ch. 1074, § 72 (to be codified at Iowa Code § 910.2A (2021)) (enacting portions of Senate File 457 and providing "[a]n offender is presumed to have the reasonable ability to make restitution payments for the full amount of category 'B' restitution"). However, our supreme court issued an order stating that the recent ability-to-pay amendments apply to defendants sentenced on or after June 25, 2020. *See* Iowa Supreme Ct. Supervisory Order, *In the Matter of Interim Procedures Governing Ability to Pay Determinations and Conversion of Restitution Orders* ¶ (C) (July 7, 2020) ("A defendant sentenced on or after June 25, 2020, shall be subject to the requirements of S.F. 457.").

[3] *State v. Hawk*, ___ N.W.2d ___, ___, 2020 WL 7635839, at *4 (Iowa 2020) ("Having concluded that we would have jurisdiction to consider Hawk's appeal under both our pre-SF 457 jurisprudence and under the new provisions enacted in SF 457, we need not, and do not, dive into the morass of whether SF 457 applies retroactively to cases on appeal prior to its enactment.").

illegal sentence does not negate his right to challenge the sentence."). Having waived the *Albright* issue, we do not address it.

**SENTENCE VACATED IN PART AND REMANDED FOR RESENTENCING.**