# IN THE COURT OF APPEALS OF IOWA

No. 22-0115
Filed December 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANDREW JAMES SWAILES,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Washington County, Shawn R. Showers, Judge.

    Andrew Swailes appeals his conviction for third-degree sexual abuse.

**AFFIRMED.**

    Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

    Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

    Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Andrew Swailes appeals his conviction of third-degree sexual abuse. He contends the trial court erred by denying his motion for mistrial and precluding evidence of prior false accusations allegedly made by the child. Because Swailes did not preserve error on the issue of mistrial and is unable to show the trial court abused its discretion in denying the evidence, we affirm.

A jury convicted Andrew Swailes of third-degree sexual abuse for engaging in a sex act with a fifteen-year-old child when he was thirty-one years old. *See* Iowa Code § 709.4(1)(b)(3)(d) (2020). During jury deliberations, one juror informed the trial court that another juror had looked up the definition of sexual abuse. Because he did not know "what the person looked up, how much they have told the rest of the jurors, [or] . . . if any other curative method would prevent prejudice,"[1] Swailes's attorney moved for mistrial. But Swailes's attorney also suggested that "it might be possible to excuse that juror and bring in an alternate." The trial court excused the juror who engaged in the misconduct and replaced her with an alternate. It also asked the jury if they discussed the definition, and the foreperson said they did not. The court then denied the motion for mistrial.

Swailes now claims the court should have granted a mistrial because "switching an empaneled juror for an alternate juror disrupts the jury proceedings in a highly prejudicial manner." Because the claim he raises on appeal differs from the concern he raised in moving for mistrial, the State challenges error preservation. *See State v. Rutledge*, 600 N.W.2d 324, 325 (Iowa 1999) ("Nothing

---

[1] In response to a question from the court, the foreperson said that the definition was not discussed among the jurors.

is more basic in the law of appeal and error than the axiom that a party cannot sing a song to us that was not first sung in trial court."). Swailes also raised the idea of replacing the juror with an alternate, further hindering his claim on appeal. *See State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968) (stating that, generally, a criminal defendant cannot take a position on appeal inconsistent with a position taken at trial or complain of error to which the defendant consented or invited); *see also State v. Escobedo*, 573 N.W.2d 271, 276 (Iowa Ct. App. 1997) (noting that although a defendant would ordinarily be entitled to a mistrial based on dismissal of a juror during deliberations, the defendant waived error by agreeing to juror's replacement with an alternate). Error is not preserved.

Turning to the trial court's decision to prohibit evidence of prior false allegations allegedly made by the child, our review is for an abuse of discretion. *See State v. Fontenot*, 958 N.W.2d 549, 555 (Iowa 2021). The issue of false allegations arose during testimony by the child's father. When asked about how the child was harassed after she reported the sexual abuse, he answered: "Victim blaming, telling [her] that pretty much she's lying, none of this is true, that she's crying wolf again. I don't know what that means, but being followed around town." Outside the presence of the jury, Swailes's attorney argued that the reference to the child "crying wolf again" opened the door for the defense "to ask questions regarding if [the child] has made any prior accusations of sexual assault." His attorney also claimed that the response from the child's father was "disingenuous" and mislead the jury, speculating that he "probably has knowledge of prior accusations." The court denied Swailes the opportunity to ask about prior false accusations.

Iowa Rule of Evidence 5.412 prohibits the introduction of evidence of a victim's past sexual behavior in criminal proceedings involving alleged sexual abuse. Although "prior false claims of sexual activity do not fall within the coverage of [rule 5.412]," a defendant who wishes to introduce such evidence "must first make a threshold showing to the trial judge outside the presence of the jury." *State v. Alberts*, 722 N.W.2d 402, 409 (Iowa 2006). But to introduce evidence of false claims, a defendant "must first make a threshold showing to the trial judge outside the presence of the jury that (1) the complaining witness made the statements and (2) the statements are false, based on a preponderance of the evidence." *Id.* Although it is not "an exceedingly high threshold" for the defendant to meet, *id.*, Swailes fails to meet it. It is unclear if there were prior accusations of sexual abuse, if any allegations were made by the child, or if the allegations were false. The child's father only made a vague reference to statements of other people who purportedly claim the child had "cried wolf" or lied in the past. Even if we assume those claims concern (1) allegations of sexual abuse made by the child and (2) those allegations were false, the father denied knowing about it. Because Swailes has mere speculation to show the child made prior false claims of sexual abuse, the district court did not abuse its discretion in refusing to allow him to question the child's father about it.

**AFFIRMED.**