# IN THE COURT OF APPEALS OF IOWA

No. 24-1782
Filed October 29, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SAMMI JO THURMAN,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Kristen Formanek, Judge.

A defendant appeals the revocation of her deferred judgment and sentence for child endangerment. **CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**BADDING, Judge.**

In March 2024, the district court granted Sammi Thurman a deferred judgment after she pled guilty to child endangerment, an aggravated misdemeanor, under Iowa Code section 726.6(8) (2023). The court placed Thurman on probation for one year, ordered her to "comply with all requirements" of the juvenile court in her related child-in-need-of-assistance case, and imposed a suspended civil penalty. Less than six months later, the court revoked Thurman's deferred judgment, convicted her of the child-endangerment charge, and sentenced her to 364 days in jail. In its written judgment entry, the court converted the suspended civil penalty to the minimum fine. Thurman appeals.[1]

Thurman's probation officer filed his first report of violations just three months after Thurman was placed on probation. He alleged that Thurman had failed to complete two drug screens requested by the Iowa Department of Human Services. At the evidentiary hearing on the report, Thurman testified that the sweat patch tests requested by the department were against her religion. The district court found Thurman had violated her probation, held her in contempt, and sentenced her to twenty-one days in jail. The court's order specified in bold capital letters:

> Defendant is re-informed that she shall comply with all requirements of probation and all drug screens in whatever form requested by [the department], juvenile court, or probation. Defendant is advised that any violation or refusal to comply or statements to her probation officer that she will not comply is a

---

[1] Although Thurman pled guilty to her underlying charge, we find good cause to entertain her appeal. *See* Iowa Code § 814.6(1)(a)(3); *State v. Thompson*, 951 N.W.2d 1, 5 (Iowa 2020) (finding good cause to appeal following guilty plea where defendant was challenging "the order revoking her deferred judgment and entering a judgment of conviction and sentence").

violation of her probation and the court will immediately issue a warrant at her probation officer's request.

Despite this clear warning, a second report of violations was filed in October. The probation officer alleged that Thurman missed another two drug screens for the department and an appointment with him. On the day of the probation revocation hearing, Thurman signed a written stipulation "agree[ing] to the violations as reported," with the parties free to argue disposition. The district court confirmed the stipulation with Thurman at the hearing:

> THE COURT: Prior to going on the record, the defendant's counsel handed the Court a written stipulation to the probation violation indicating that Ms. Thurman wished to stipulate to violating her probation, as stated in the filed report of violations dated October 4th, 2024.
> Ms. Thurman, is that correct?
> THE DEFENDANT: Yeah.

But from there, Thurman began to waffle. When asked whether she violated her probation as alleged in the report, Thurman answered, "No." She admitted that while she "did not drop" for the department, she did submit to a urinalysis for her substance use treatment provider. In response to that equivocation, the court went through the violations "one by one" with Thurman:

> THE COURT: . . . The first alleged violation is dated 9/25/2024 indicating you did not report to [the department] for your scheduled drug screening on 9/25/2024. Do you agree with that?
> THURMAN: No. I did not know about that one. No, I don't.
> DEFENSE COUNSEL: The Judge is asking, yes or no, did you show up for it.
> THURMAN: I didn't know about it so, no.
> THE COURT: Okay. But would you agree you did not report?
> THURMAN: I didn't know, yeah.
> THE COURT: Okay. So you didn't report on 9/25/2024. On 9/30/24 it's alleged . . . you failed to report for a scheduled appointment and did not advi[s]e [the probation officer] that you would be absent or unable to attend? Do you agree with that?

THURMAN: I did not have a—I'm sorry. I lost my phone. I didn't have my phone.

THE COURT: Okay. But you failed to report for that appointment; is that true?

THURMAN: I didn't go, yeah, that day.

THE COURT: Do we need to have an evidentiary hearing?

DEFENSE COUNSEL: Okay. Your Honor, she does not wish to have an evidentiary hearing.

THE COURT: Okay. Ms. Thurman, if that is the case, you either admit to the agreement or you don't. And then the State would put [the probation officer] on the stand to try to prove that you did violate probation. Do you admit that you violated your probation on September 30th failing to report for an appointment?

THURMAN: Yeah.

THE COURT: Okay. And on October 1st that you did not report to [the department] for a scheduled drug screening.

THURMAN: I didn't know, but, yeah.

THE COURT: You didn't show up for that. Okay. So I'll accept your stipulations that you violated probation. We'll proceed to disposition.

On the question of disposition, defense counsel told the court that Thurman "agrees with her deferred judgment being revoked." She asked to be given "credit for time served and unsuccessfully discharged from probation." The State also asked the court to revoke Thurman's deferred judgment but argued that she should be sentenced to prison because "[y]ou don't get to not comply with probation and then just come to court and ask that you be unsuccessfully discharged and move on." Finally, the State recommended that the court impose but suspend the mandatory minimum fine. The court agreed that Thurman's deferred judgment should be revoked but sentenced her to 364 days in jail rather than imposing a prison sentence. The court failed to address the fine that should be assessed at the probation revocation hearing. But its written order converted Thurman's previously imposed civil penalty to a fine, with "credit for any civil penalty the Defendant has previously paid in this matter."

Thurman first claims the district court abused its discretion and violated her due process rights because her stipulation did not establish that she willfully violated the terms of her probation. We agree with the State that Thurman waived this claim. She filed a written stipulation to the probation violations, which she confirmed at the hearing. Thurman also confirmed that she did not want an evidentiary record on the violations and that her deferred judgment should be revoked. Our supreme court has long held that a party cannot "predicate error upon the court's doing the very thing [the party] requested the court to do." *State v. Beckwith*, 53 N.W.2d 867, 845 (Iowa 1952); *see also State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968) ("A party to a criminal proceeding cannot assume inconsistent positions in the trial and appellate courts and, as a general rule, will not be permitted to allege an error in which he himself acquiesced, or which was committed or invited by him." (cleaned up)). We accordingly decline to address the merits of this claim.

Thurman also claims the district court erred in imposing a fine in its written order because the court "utterly failed to address the fine" in its oral sentencing pronouncement. She asks us to vacate the fine and remand "for a new sentencing hearing in which the court can address that aspect of her sentence." The State concedes this issue and asks for the same relief. Because the court failed to address the fine at the probation revocation proceeding, we conclude that its intent regarding the fine is unclear. We accordingly vacate the fine imposed in the written judgment entry and remand for resentencing on that issue only. *See State v.*

*Smith*, 17 N.W.3d 355, 361 (Iowa 2025) (remanding for resentencing only on the imposition of a fine).

**CONVICTION AFFIRMED; SENTENCE VACATED IN PART AND REMANDED.**