# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0115
Filed February 11, 2026

————————————

**State of Iowa,**
Plaintiff–Appellee,
v.
**Troy Douglas Meyer,**
Defendant–Appellant.

————————————

Appeal from the Iowa District Court for Dubuque County,
The Honorable Thomas A. Bitter, Judge.

————————————

**AFFIRMED**

————————————

Debra S. De Jong, Orange City, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Schumacher, J.

1

**SCHUMACHER, Judge.**

Troy Meyer appeals the district court's sentencing order placing him in the Department of Corrections Continuum and imposing restitution. Meyer claims the district court abused its discretion by not considering all relevant factors when formulating his sentence and failing to explain why the sentence differed from the plea agreement. Meyer also contends the district court erred in the restitution order. Upon our review, we conclude the district court properly considered relevant sentencing factors, and we find no error in the restitution as ordered. Upon our review, we affirm.

## I.     Background Facts & Proceedings

On April 14, 2023, Meyer along with an acquaintance, Sterling, stole a towable boom lift from Roeder Implement, Inc. Following an investigation by the Linn County Sheriff's Department, an arrest warrant was issued, and Meyer was taken into custody. Meyer was charged with first-degree theft.

Meyer later entered into a plea agreement wherein he agreed to plead guilty to second-degree theft, and the agreement included the following sentencing recommendation: a five-year suspended sentence, five years of formal probation, a no-contact order, and a suspended fine of $1,025. As to victim restitution, under the plea agreement, Meyer was to be jointly and severally liable with Sterling. The plea agreement also provided notice to Meyer that "the Court is not bound by the plea agreement and may sentence [Meyer] up to the maximum sentence provided by law." Following the guilty plea, the district court ordered a presentence investigation report (PSI).

The PSI recommended Meyer be sentenced to a five-year suspended sentence, placed on formal probation for a period of five years, and as a condition of the probation, Meyer should be placed in the Corrections

Continuum. The PSI did not mention the restitution amount other than restating the plea agreement.

At sentencing, the district court stated:

> My point is, you're only 36 years old. You've got a significant history, criminal history, including multiple thefts, and the deal that you've reached with the State is for a suspended prison sentence where you don't go to prison, a suspended fine where you don't pay the fine. . . . There's very little punishment for what you did here . . . .

The court sentenced Meyer to a suspended term of imprisonment not to exceed five years, formal probation for a period of five years, placement in the Department of Corrections Continuum, and ordered Meyer to pay restitution in the amount of $6,711, jointly and severally with Sterling. Meyer appeals.

## II.     Analysis

### A. Whether the District Court Erred by Placing Meyer on the Corrections Continuum

Meyer claims the district court did not properly consider all the mitigating factors and did not state a sufficient reason for imposing a harsher sentence than contained in the plea agreement. He alleges the district court abused its discretion by placing him in the Corrections Continuum.

When reviewing a court's sentencing decision we review for abuse of discretion. *State v. Barnes*, 791 N.W.2d 817, 827 (Iowa 2010). "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017). A ground or reason is untenable when it is "based on an erroneous

application of the law or not supported by substantial evidence." *State v. Dudley*, 856 N.W.2d 668, 675 (Iowa 2014).

When sentencing, Iowa courts "may consider a variety of circumstances, including the nature of the offense and attending circumstances, as well as the defendant's age, character, propensities and chance of reform." *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). A court need not address every relevant circumstance when sentencing but must articulate reasons sufficient for a reviewing court to determine whether an abuse of discretion occurred. *See id.* at 11. In *Boltz*, this court determined that the court's stated reasons, the nature of the offense, the defendant's age, and his past record, were sufficient for appellate review for abuse of discretion. *See id.* at 10–11.

Here, the record shows the court's reasons for deviating from the plea deal focused on Meyer's age, his history of prior criminal activity, and the nature of the offense. The court expressed great concern towards the leniency of the plea deal based on his criminal history. The record shows that the district court gave consideration of the relevant factors when sentencing the defendant to a harsher sentence than the plea deal provided.

Meyer also contends that the district court failed to provide sufficient reasoning for why it deviated from the plea deal. "Generally, a sentencing court is not required to give its reasons for rejecting particular sentencing options." *State v. Loyd*, 530 N.W.2d 708, 713–14 (Iowa 1995). We find that the district court provided sufficient reasoning here. The court stated "you've got a history of repeated thefts and repeated criminal behavior, and I kind of wonder . . . [,] when are you finally going to start obeying the law . . . [?]" The court showed that it considered additional deterrence from reoffending was needed, and the harsher punishment was to incentivize rehabilitation.

We conclude that the district court considered sufficient relevant factors when sentencing and stated sufficient reasons for imposing the sentence. *See State v. Kimbrough*, No. 16-1280, 2017 WL 2876244, at *3–4 (Iowa Ct. App. July 6, 2017). Because we find that the court's decision when sentencing was not clearly untenable or unreasonable, we find no abuse of discretion by the district court. *See Boltz*, 542 N.W.2d at 11.

## B. Whether the District Court Erred in Determining Restitution Amount

Meyer next asserts that the district court erred by ordering a restitution amount of $6,711, arguing that there was not substantial evidence to support that amount and that the court should have scheduled a separate hearing to determine "the appropriate amount" of restitution.

"We review restitution orders for correction of errors at law." *State v. Waigand*, 953 N.W.2d 689, 694 (Iowa 2021) (citation omitted). We must "determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* (citation omitted). We afford the district court "broad discretion in determining the amount of restitution when the record contains proof of a reasonable basis from which the amount may be inferred." *Id.* (citation omitted). "In all criminal cases . . . [where] there is a plea of guilty . . . the sentencing court shall order that pecuniary damages be paid by each offender to the victims . . . ." Iowa Code § 910.2(1)(a) (2023). "'Pecuniary damages' means all damages to the extent not paid by an insurer on an insurance claim by the victim . . . ." *Id.* § 910.1(6). "We affirm the restitution award if it is within a reasonable range of the evidence." *State v. Sogard*, No. 06-0341, 2007 WL 461318, at *1 (Iowa Ct. App. Feb. 14, 2007).

The victim filed a restitution claim estimating its economic losses stemming from the crime at $6,711. An attachment to the restitution claim form showed a specific, itemized list of parts needing replacement on the boom lift. The plea agreement by the parties stated, pertaining to Meyer, that "I understand that I will be assessed restitution. I understand that restitution includes monetary damages to crime victims . . . ." At the sentencing hearing, Meyer's counsel indicated that Meyer was "concerned with the level of amount of the restitution" but requested the court enter the sentencing order that day "without the need for a future hearing on restitution," leaving the issue to the court's discretion.

Meyer agreed to paying restitution as a condition of the plea agreement. He did not request an additional hearing and was aware of the requested amount for several months before sentencing. The district court, in following the plea agreement regarding restitution, sentenced Meyer as agreed to in the plea agreement. *See Davis v. State*, No. 23-1964, 2025 WL 1453344, at *3 (Iowa Ct. App. May 21, 2025) (stating that on appeal, "a defendant 'will not be permitted to allege an error in which he himself acquiesced, or which was committed or invited by him, or was the natural consequence of his own actions'" (quoting *State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1986))). We conclude the district court did not err in determining the amount of damages payable by restitution.

## III.     Conclusion

We determine that the district court did not abuse its discretion in sentencing Meyer and did not err in imposing restitution.

**AFFIRMED.**